

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

KENNETH WILLIAMS,

   Plaintiff,

Vs.

CASE NO.: 1:24-cv-02066-LMM-JKL

EQUIFAX INFORMATION SERVICES LLC; and TRANS UNION LLC.

   Defendants.
_____/

## PLAINTIFF'S OPPOSITION TO DEFENDANT TRANS UNION LLC'S MOTION TO DISMISS

Plaintiff, Kenneth Williams, submits this Response in Opposition to Defendant Trans Union LLC's Motion to Dismiss the Complaint. Plaintiff respectfully requests that this Honorable Court deny Defendant's Motion to Dismiss for the following reasons:

### I. Sufficient Factual Allegations

Contrary to Defendant's assertion, Plaintiff has adequately pled specific facts to support his claims under the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681 et seq. The Complaint explicitly identifies the inaccurate and incomplete information reported by Trans Union concerning Plaintiff's accounts, including the Opensky CBNK and ComenityCB/Gamestop accounts. Plaintiff has detailed

the inaccuracy in the payment history and the amounts reported, which were not properly updated despite Plaintiff's disputes. Furthermore, the Plaintiff attached exhibits which showed the inaccurate and incomplete information including the payment history in his complaint. In the exhibits you can clearly see that on the Comenity account the payment history is not reporting any of the positive payment history. On the Open sky account the payment history is not reporting the balance, past due amounts or amounts paid. Furthermore, the defendant Transunion failed to mark the accounts as being in dispute which the Plaintiff also stated in his claim. Transunion failure to not mark the accounts as being in dispute materially lowers the plaintiff's credit score by failing to note Plaintiff's dispute. *Saunders v. Branch Banking and Trust Co. of VA, 526 F. 3d 142, 146-47 (4th Cir. 2008).*

## II. Reinvestigation Claims:

Plaintiff's Complaint clearly states that Trans Union failed to conduct a reasonable reinvestigation as required by the FCRA. Trans Union's reinvestigation was superficial, failing to correct the disputed inaccuracies despite being provided with sufficient evidence. The FCRA mandates that a consumer reporting agency must conduct a thorough investigation upon receiving a dispute. Trans Union's failure to correct the inaccuracies, even after multiple disputes, clearly violates this provision. Furthermore, Transunion's failed to notate the accounts as being in dispute which are part of the requirements for a reasonable investigation.

According to 1681i(a)(1)(A) if the completeness and accuracy of any item of information is disputed by the consumer then the agency shall free of charge conduct a reasonable investigation to determine if the information is inaccurate and record the current status of the information or delete the item from the file. The plaintiff called multiple items of inaccurate information into question including the payment history for each account, and the last payment received for each account in his dispute. The defendant in their opposition admits that the Plaintiff disputed for the payment history and the payment received being inaccurate.

### III. Legal Standard

Plaintiff Has Alleged Sufficient Facts to Survive a Motion to Dismiss

Trans Union argues for dismissal under Federal Rule of Civil Procedure 12(b)(6) on the grounds that Plaintiff's complaint fails to state a claim. However, Plaintiff has set forth well-pleaded facts that entitles the Plaintiff to relief under the FCRA. Specifically, the complaint outlines the following:

Trans Union inaccurately reported payment history and payment information on the Opensky CBNK and ComenityCB/Gamestop accounts.

Plaintiff disputed these inaccuracies by sending a detailed dispute letter on July 8, 2023.

Trans Union failed to conduct a reasonable reinvestigation, merely "verifying" the inaccurate information as accurate without considering the underlying facts or obtaining account-level documentation which is necessary to accurately verify any item of information without "hearsay".

Under Ashcroft v. Iqbal, a complaint must present factual content that allows the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. Plaintiff has done more than offer "labels and conclusions." The specific facts alleged—that Trans Union's reporting of the payment history and payments received on two accounts was inaccurate and that Trans Union failed to reasonably reinvestigate the dispute—are not speculative but based on concrete instances of improper reporting and investigation practices.

Plaintiff Has Alleged More Than Formulaic Recitation of Legal Elements

Trans Union cites Bell Atl. Corp. v. Twombly to argue that Plaintiff's complaint is merely a recitation of the elements of a cause of action. This is incorrect. Plaintiff has not simply stated that Trans Union violated the FCRA but has provided detailed factual allegations explaining how Trans Union violated the statute. Specifically, the complaint provides:

Information about the two specific accounts that were inaccurately reported.

Details about the nature of the inaccuracies, including issues with payment history and amounts received.

The fact that Trans Union verified the accounts without conducting a meaningful reinvestigation, despite receiving a thorough dispute from Plaintiff. Furthermore it is evident that the defendant failed to do a proper investigation as they failed to mark the account as being disputed by the consumer as required under 15 U.S.C 1681i.

These are more than "formulaic" allegations; they are specific facts detailing a sequence of events that, if proven true, constitute a violation of the FCRA.

Plaintiff's Allegations Are Well-Pled and Plausible

Trans Union's reliance on cases such as Oxford Asset Mgmt. v. Jaharis and Wilchombe v. TeeVee Toons, Inc. ignores the well-pled factual allegations in Plaintiff's complaint. In a motion to dismiss under Rule 12(b)(6), all facts must be viewed in the light most favorable to the plaintiff, and all reasonable inferences must be drawn in the plaintiff's favor. Here, Plaintiff has clearly alleged that Trans Union reported inaccurate information, received a dispute letter, and failed to conduct a reasonable reinvestigation as required under the FCRA. These allegations are supported by more than speculative or conclusory

statements—they are based on specific factual assertions that make the claim plausible under the standards established by the Supreme Court.

The complaint alleges that Trans Union failed to reasonably investigate despite knowing that the payment history and payments received for two specific accounts were inaccurate and incomplete. This failure is at the core of Plaintiff's FCRA claim, and it provides the necessary factual basis for the court to infer liability, thereby making Plaintiff's claim plausible, not speculative.

Plaintiff's Claims Surpass the Iqbal and Twombly Standards

The standards set forth in Iqbal and Twombly require that the plaintiff's allegations move beyond mere speculation and plausibly suggest an entitlement to relief. Plaintiff has met this burden. The complaint contains specific facts related to the inaccuracy of two consumer accounts, the Plaintiff's effort to correct these inaccuracies via a dispute, and Trans Union's failure to take reasonable steps to ensure the accuracy of its reporting in response to the dispute.

Further, Plaintiff's complaint alleges that Trans Union acted willfully and recklessly by failing to comply with its obligations under the FCRA. This is not

an "unadorned" accusation but a factual assertion based on the specific conduct of Trans Union. Courts have held that a failure to conduct a reasonable reinvestigation, particularly after being made aware of inaccuracies, can constitute a willful violation of the FCRA. Plaintiff's claims are therefore plausible on their face, and the motion to dismiss must be denied.

The Complaint Meets Pleading Standards and Should Proceed to Discovery

Trans Union's argument overlooks the procedural posture of this case. At the motion to dismiss stage, the court is not tasked with determining the merits of the case or whether Plaintiff can ultimately prove the allegations. Instead, the court's role is to assess whether the complaint alleges enough facts to state a claim that is plausible on its face. Plaintiff's complaint does so by alleging specific inaccuracies, the failure of Trans Union to properly investigate those inaccuracies, and the harm caused to Plaintiff as a result. As such, Plaintiff has sufficiently pled a claim under the FCRA that should proceed to discovery.

### IV. Plaintiffs Response to Defendants Argument

The defendant argues that the complaint does not sufficiently allege facts to support claims under § 1681e(b) and § 1681i. However, the complaint clearly provides the necessary prima facie elements required for these claims, as demonstrated by the following points:

Inaccuracy in Consumer Reports

Plaintiff has pled with specificity that Trans Union reported inaccurate information regarding the payment history and payments received on Plaintiff's Opensky CBNK and ComenityCB/Gamestop accounts. These inaccuracies are not speculative. The complaint highlights discrepancies in the payment history and amounts received for these accounts, which were communicated to Trans Union in a dispute letter dated July 8, 2023. The defendant's assertion that the complaint fails to explain how the information is inaccurate is incorrect. The complaint identifies the accounts at issue and the nature of the inaccuracies, thus sufficiently meeting the pleading requirements for an FCRA claim. Furthermore the defendant in their motion never denied that the information was inaccurate, but claims that the plaintiff didn't provide enough in his complaint to bring about a claim which is not the case as the Plaintiff has clearly demonstrated the proper pleadings to bring about a FCRA claim.

**Failure to Follow Reasonable Procedures (§ 1681e(b))**

Plaintiff has sufficiently alleged that Trans Union failed to follow reasonable procedures to ensure the maximum possible accuracy of its reports. Plaintiff's dispute letter provided specific information highlighting the inaccuracies in the payment history for both accounts and the payment received, yet Trans Union

simply "updated" and "verified" the accounts without conducting a thorough reinvestigation. This failure to take reasonable steps to correct the inaccurate information constitutes a violation of § 1681e(b). The defendant cannot rely solely on its furnisher's verification when there are clear disputes about the accuracy of the reported information *See Hinkle Vs Transunion*. The plaintiff has included the three points required to bring a claim under 1681e(b). The plaintiff has stated in his complaint the items of information that was disputed in his complaint and how Transunion failed to do a proper investigation. The plaintiff has plead in his complaint the damages that were suffered as a result of the defendants failure to do a proper investigation and furnishing the inaccurate report to third party consumers. These damages include lower credit score, denial of credit, loss of opportunity to benefit from credit, anxiety, loss of time, humiliation and damage to reputation from furnishing a inaccurate consumer report to third parties, and other emotional distress. The plaintiff in his complaint goes in to detail as to the actual damages each failure of the FCRA caused him. The plaintiff has included in his complaint that the defendant furnished an inaccurate report to multiple third parties. (See Exhibit A). The attached Exhibit A shows a list of some known furnishers who the defendant furnished the Plaintiff's inaccurate report to.

**Failure to Conduct a Reasonable Reinvestigation (§ 1681i)**

Under § 1681i, credit reporting agencies are required to conduct a reasonable reinvestigation when a consumer disputes the accuracy of information in their file. Plaintiff has sufficiently alleged that Trans Union's reinvestigation was unreasonable. Despite receiving clear notice of inaccuracies through Plaintiff's dispute letter, Trans Union did not obtain or consider additional documentation that could have resolved the dispute. Instead, it relied on the furnisher's unverified information, which was the source of the error in the first place. The plaintiff in his complaint has shown (1. The inaccuracy that his consumer report contained. 2. The plaintiff sent his dispute in to Transunion via USPS certified mail and the dispute which was received by the defendant on August 14th 2023 (Tracking # 9589071052701055701710 See Exhibit B). (3. The claim is not frivolous or irrelevant. The defendant never claimed the dispute to be frivolous or irrelevant in their motion to dismiss. (4. The plaintiff in his complaint plead that Transunion did not do a proper investigation as a result of his dispute. (5. Plaintiff in his complaint showed the damages that he suffered from as a result of the defendant not doing a proper investigation and continuing to report inaccurate and incomplete information on his report.

In Hinkle v. TransUnion it was determined that Consumer Reporting Agencies are required to make reasonable efforts to verify the accuracy of disputed

information. In this case, merely relying on a third-party vendor's records was deemed insufficient. Under 15 U.S.C 1681i the plaintiff must dispute the completeness or accuracy of any item of information. In his dispute the plaintiff pointed out to the defendant that the payment history and the last payment is inaccurate. The defendant was suppose to conduct a proper investigation and if the information could not be verified the FCRA states the defendant must delete the item of information. In the plaintiff's complaint he included Exhibit C which shows the inaccurate accounts and how they are reporting. If you take a look at the Comenity/Gamestop account you will see that it is not reporting any positive payment history for the account which is inaccurate and materially misleading. This specific account was paid on time and pad off on 03/22/2019. It is clear the account was paid off yet the payment received amount is zero which is inaccurate. Any unsophisticated consumer could look at the payment history and amount paid and determine that this account is reporting inaccurately. This account is reporting negatively on the Plaintiffs credit report as a result when it should not be reporting that way. However, the defendant verified the information as accurate without attaining account level documentation to verify the payment history which is evident in the reporting. Account level documentation is needed in order to verify items of information in question. If the defendant had account level documentation to verify the payment history,

then they would have been able to properly update it to show that the Plaintiff paid on his account during the months that are X out. This would have led to the account being reported positively instead of negatively. Knowing this fact the courts must then ask the defendant Transunion; how did you come to the conclusion of verifying this information. This is information that will be obtained in discovery. Furthermore the defendant is suppose to mark each account as being in dispute by the consumer according to the FCRA which the defendant failed to do. The Plaintiff met his obligation under 1681i and 1681e(b), however the defendant failed to do a proper investigation as required by the Fair Credit Reporting Act. The plaintiff has clearly shown every point required under the Fair Credit Reporting Act to bring about his claim and that is why the defendant's motion to dismiss should be denied.

<u>The defendant argues that Plaintiff has not sufficiently alleged that Trans Union willfully violated the FCRA. This argument is without merit.</u>

1. **WillfulnessStandard**

    Willfulness under the FCRA can be established by showing that the defendant acted with reckless disregard for its statutory obligations. As the Supreme Court held in **Safeco Ins. Co. of Am. v. Burr**, willful violations occur when a defendant's conduct is unreasonable under the law, even if there is no direct knowledge of the violation. Here, Plaintiff has alleged that Trans Union had

actual knowledge of the inaccuracies from the dispute letter, yet failed to correct them or conduct a reasonable reinvestigation. This failure to take reasonable action despite actual notice of inaccuracies constitutes reckless disregard for Trans Union's obligations under the FCRA.

2. **Plaintiff's Allegations Are Supported by Specific Facts**

   Plaintiff's complaint clearly alleges that Trans Union had knowledge of the inaccuracies in Plaintiff's credit report but deliberately chose to ignore them by relying on the same information that was in dispute. This fact was not denied by the defendant in their motion. This behavior demonstrates willful or reckless disregard for the FCRA's requirements. Plaintiff is not simply airing grievances but is pointing to specific actions (or inactions) by Trans Union that constitute willful violations of the statute. The defendant's assertion that these claims are conclusory is inaccurate.

## III. Plaintiff Has Standing and Has Alleged Concrete Injury

The defendant argues that Plaintiff lacks standing because the complaint does not allege a concrete injury. This argument is also flawed for several reasons:

1. **Concrete and Particularized Injury**

   Plaintiff has sufficiently alleged that the inaccurate reporting of the accounts in question caused damage to Plaintiff's credit reputation. This inaccurate reporting has affected Plaintiff's ability to secure favorable credit terms,

lower credit score, denial of credit, loss of time, humiliation, anxiety, and other emotional distress which the Plaintiff clearly outlines in his complaint thus causing a concrete injury. Under **Spokeo v. Robins,** an injury is "concrete" if it is real and not abstract. The continued publication of inaccurate information about Plaintiff's credit is a concrete injury that directly affects Plaintiff's financial standing and creditworthiness.

2. **Injury Is Fairly Traceable to Trans Union's Actions**

   Plaintiff has clearly demonstrated that the harm suffered is directly traceable to Trans Union's failure to maintain accurate reporting and to conduct a reasonable reinvestigation. By continuing to report inaccurate information, Trans Union has caused real harm to Plaintiff's credit reputation, which is sufficient to establish standing under Article III.

3. **Damages Are Sufficiently Alleged**

   Contrary to the defendant's claims, Plaintiff has not relied on vague or conclusory allegations of damages. The complaint outlines specific financial harm resulting from the inaccurate reporting of Plaintiff's credit information. The fact that Plaintiff may not have direct knowledge of every third party to whom the inaccurate reports were published does not negate the fact that Plaintiff has suffered harm. It is simply a statement of facts as Transunion publishes credit reports to people not known by the consumers whose

information they house. Inaccurate credit reporting itself is a harm recognized under the FCRA.

## Conclusion

For the reasons outlined above, Plaintiff respectfully requests that the Court deny Trans Union's motion to dismiss. Plaintiff has adequately pled facts to support claims under § 1681e(b) and § 1681i, has sufficiently alleged willfulness, and has demonstrated standing by alleging concrete harm caused by Trans Union's violations of the FCRA. Plaintiff's complaint should be allowed to proceed to discovery.

Respectfully submitted,

Kenneth Williams

Kennethdwilliamsbusiness@gmail.com

35 Kirkwood Road Ne, Atlanta, Ga 30317

## CERTIFICATE OF SERVICE

I hereby certify that on the 12th day of September 2024, I caused a true and correct copy of the foregoing document to be served electronically via the Court's CM/ECF system. I further certify that a true and correct copy of theforegoing document was served on the following parties via email

Paul W. Sheldon
psheldon@qslwm.com
Georgia Bar No. 947098
Quilling, Selander, Lownds,
Winslett & Moser, P.C.
6900 North Dallas Parkway, Suite 800
Plano, TX 75024
(214) 560-5453
(214) 871-2111 Fax
Counsel for Trans Union LLC