IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| KENNETH WILLIAMS,<br><br>    Plaintiff,<br><br>v.<br><br>TRANS UNION LLC,<br><br>    Defendant. | CIVIL ACTION FILE NO.<br><br>1:24-cv-2066-LMM-JKL |

## **NON-FINAL REPORT AND RECOMMENDATION**

This is a consumer case arising under the Fair Credit Reporting Act ("FCRA"). The case is before the Court on Defendant Trans Union LLC's motion to dismiss. [Doc. 11.] For the reasons that follow, it is **RECOMMENDED** that the motion be **GRANTED**, with leave to replead.

## BACKGROUND

Plaintiff Kenneth Williams, proceeding *pro se*, filed this action against consumer reporting agencies ("CRAs") Trans Union and Equifax Information Services LLC in May 2024. [Doc. 3.] In August 2024, Plaintiff voluntarily dismissed Equifax from the case, leaving Trans Union as the sole defendant. [Docs. 13, 14.]

According to Plaintiff's complaint—and accepting his allegations as true for purposes of resolving the present motion—he bases his claims against Trans Union

on the following factual allegations. In May 2023, Plaintiff reviewed his Trans Union consumer report and noticed "inaccurate and incomplete information" about two accounts from Opensky CBNK ("Opensky") and ComenityCB/Gamestop ("Comenity"). [Doc. 3 ¶¶ 16-17.] Plaintiff generally alleges that the "payment history for both accounts" was inaccurate, because "payment[s] received for both accounts were inaccurate and incomplete."[1] [*Id.* ¶ 23.] On July 8, 2023, Plaintiff sent a letter to Trans Union in which he disputed "the completeness and accuracy" of the two accounts. [*Id.* ¶ 18.] The next month, Trans Union responded that the accounts were "Updated" and "Verified and Accurate," but it otherwise "fail[ed] to update any of the . . . inaccurate information that Plaintiff clearly pointed out." [*Id.* ¶¶ 21, 23.] According to Plaintiff, Trans Union's reinvestigation was deficient because it "parroted" information supplied to it by "the furnishers," and because it did not review or consider all the information he submitted. [*Id.* ¶¶ 32, 35, 39.] Plaintiff further asserts that Trans Union "prepared and published to third party's [sic] multiple inaccurate consumer reports about [him] that contained the

---

[1] Although Plaintiff has attached at least some of the credit reports in question to the complaint [*see* Doc 3, Exs. A-C], the alleged inaccuracies are not apparent from the face of those documents, and Plaintiff's allegations do not themselves explain precisely how the reports were inaccurate.

inaccurate accounts," maintaining that discovery will reveal to whom the reports were disclosed. [*Id.* ¶¶ 30-31.]

Based on these facts, Plaintiff asserts six claims against Trans Union, all arising under the FCRA:

- Count 6:  violation of 15 U.S.C. § 1681e(b) based upon Trans Union "failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of [Plaintiff's] credit reports and credit file it published and maintained." [Doc. 3 ¶ 82.]

- Count 7:  violation of 15 U.S.C. § 1681i(a)(1)(A) because Trans Union failed to conduct a reasonable investigation to determine whether the disputed information was inaccurate and failed to update or delete any of the inaccurate items. [*Id.* ¶¶ 88-89.]

- Count 8:  violation of 15 U.S.C. § 1681i(a)(2)(A) because Trans Union failed to provide Opensky and Comenity with "all relevant information regarding [Plaintiff's] disputes." [*Id.* ¶ 94.]

- Count 9:  violation of 15 U.S.C. § 1681i(a)(4) based upon Trans Union "failing to review and consider all relevant information" that Plaintiff submitted. [*Id.* ¶ 99.]

- Count 10: violation of 15 U.S.C. § 1681i(a)(5)(A) because Trans Union failed to promptly delete or modify the dispute inaccurate items. [*Id.* ¶ 105.]

- Count 11: violation of 15 U.S.C. § 1681i(c) based upon Trans Union failing to mark the accounts as being in dispute. [*Id.* ¶ 113.]

Plaintiff also contends that these violations were willful and that he has suffered a host of injuries, including loss of credit, loss of ability to purchase and benefit from credit, reputational damage, embarrassment, humiliation, anxiety, and distress. [*See id.* ¶¶ 84-85, 90-91, 95-96, 101-02, 106-07, 114-15.]

On August 12, 2024, Trans Union filed its present motion to dismiss. [Doc. 11.] On September 13, 2024, with the Court's permission, Plaintiff belatedly filed a response in opposition to the motion. [Doc. 16.] The motion is now ripe for resolution.

**STANDARD OF REVIEW**

In evaluating a Rule 12(b)(6) motion to dismiss, a court must determine whether a complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). While it need not provide "detailed factual allegations," a complaint must provide factual allegations sufficient to plausibly set forth a plaintiff's entitlement to relief.

4

*Twombly*, 550 U.S. at 555.  Providing only "labels and conclusions" is insufficient, "and a formulaic recitation of the elements of a cause of action will not do." *Id.* The court need not accept as true legal conclusions couched as factual statements, *Iqbal*, 556 U.S. at 678, and "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief," as required by Rule 8(a)(2).  *Id*. at 679 (internal quotation marks, bracket, and citation omitted). Furthermore, if assuming the truth of the plaintiff's factual allegations, there is a dispositive legal issue that precludes relief or a claim is based on a meritless legal theory, dismissal is warranted.  *Neitzke v. Williams*, 490 U.S. 319, 326 (1989); *Brown v. Crawford Cnty.*, 960 F.2d 1002, 1009-10 (11th Cir. 1992).

In the case of *pro se* litigants, a complaint is to be "liberally construed" and "must be held to a less stringent standard than formal pleadings drafted by lawyers." *Erikson v. Pardus*, 551 U.S. 89, 94 (2007) (citations and internal quotation marks omitted).  But this lenient standard does not shield a *pro se* litigant from complying with minimum requirements of the Federal Rules of Civil Procedure, and a court need not accept as true legal conclusions or unwarranted factual inferences in a *pro se* complaint.  *Collins v. Fulton Cnty. Sch. Dist.*, No. 1:12-CV-1299-ODE-JSA, 2012 WL 7802745, at 6 (N.D. Ga. Dec. 26, 2012) (citing *Trawinski v. United Techs.*, 313 F.3d 1295, 1297 (11th Cir. 2002) and *Montgomery*

5

*v. Huntington Bank*, 346 F.3d 693, 698 (6th Cir. 2006)). So while a *pro se* complaint need not contain "detailed factual allegations," it must still "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (quotation omitted)

## ANALYSIS

Plaintiff's claims under FCRA arise under two statutes: 15 U.S.C. § 1681e(b) and § 1681i. Section 1681e(b) requires a CRA, in preparing a consumer report, to "follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." To state a claim under that statute, "the plaintiff must show that the agency's report contained factually inaccurate information, that the procedures it took in preparing and distributing the report weren't 'reasonable,' and that damages followed as a result." *Losch v. Nationstar Mortg. LLC*, 995 F.3d 937, 944 (11th Cir. 2021).

Section 1681i, meanwhile, provides a variety of requirements a CRA must follow when a consumer disputes the accuracy of information in a consumer report. Section 1681i(a)(1)(A) requires that when a consumer disputes the accuracy of any item of information with the CRA, the CRA must "conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file" within 30 days. The CRA must then promptly notify the furnisher of any

disputed information, and the CRA's notice to the furnisher must include "all relevant information regarding the dispute" that the CRA has received from the consumer. 15 U.S.C. § 1681i(a)(2). When conducting the reinvestigation, the CRA must "review and consider all relevant information submitted by the consumer." *Id.* § 1681i(a)(4). The CRA must also "promptly" delete or modify any inaccurate information and notify the furnisher about the information. *Id*. § 1681i(a)(5). If the reinvestigation does not resolve the dispute, the consumer may file a brief statement of the dispute with the CRA. 15 U.S.C. § 1681i(b). Unless there are reasonable grounds to believe that the statement is frivolous or irrelevant, the CRA must then, "in any subsequent consumer report containing the information in question, clearly note that it is disputed by the consumer and provide either the consumer's statement or a clear and accurate codification or summary thereof." *Id.* § 1681i(c).

In its motion to dismiss, Trans Union argues that Plaintiff has not alleged facts that plausibly suggest that Plaintiff's credit report contained any particular inaccuracy, which is a necessary element of the claims he has set forth in his complaint. [Doc. 11-1 at 6-7.] The Court agrees. To state a claim under either § 1681e(b) or § 1681i, "the consumer must present evidence tending to show that the agency prepared a report containing inaccurate information." *Middlebrooks v. Equifax, Inc.*, No. 23-11086, 2024 WL 631000, at *6 (11th Cir. Feb. 15, 2024).

While Plaintiff's complaint asserts that information about the Opensky and Comenity accounts was "inaccurate" and "incomplete," it does not set out any factual basis to support those conclusions.[2] Simply declaring that information in a credit report or credit file is inaccurate or incomplete is not enough—to state a plausible claim, a plaintiff must allege facts that supports the reasonable inference that there was an inaccuracy. Because Plaintiff has not described the purported inaccuracies with any detail whatsoever, his claims do not pass muster Rule 8 and are due to be dismissed. *See Barreto v. Equifax Info. Servs. LLC*, No. 1:22-CV-4941-VMC-RDC, 2023 WL 4047693, at *3-4 (N.D. Ga. May 25, 2023), *report and recommendation adopted*, 2023 WL 4996555 (N.D. Ga. July 19, 2023); *Saho v. Equifax, Inc.*, No. 1:19-CV-4252-LMM-RGV, 2019 WL 11499337, at *5 (N.D. Ga. Oct. 31, 2019), *report and recommendation adopted*, 2020 WL 7388449 (N.D. Ga. Mar. 23, 2020). Trans Union's motion should be granted on this basis alone.

But Plaintiff's pleading deficiencies do not stop there. To state a § 1681e(b) claim, a plaintiff must also allege facts that plausibly suggest that his consumer report was published to a third party. *See Thomas v. Equifax Info. Servs. LLC*, No. 1:22-CV-4848-CAP-JKL, 2023 WL 4049317, at *3 (N.D. Ga. Apr. 12, 2023),

---

[2] And as noted above, the reports attached to the complaint do not shed any additional light on the nature of the alleged inaccuracies.

*report and recommendation adopted*, 2023 WL 4049315 (N.D. Ga. May 3, 2023). Plaintiff has not done this. He alleges in conclusory terms that Trans Union "prepared and published to third party's multiple inaccurate consumer reports," and then speculates that there "has been sharing and selling [of his] inaccurate consumer file"; but admits that he does not know to whom the reports were sent. [Doc. 3 ¶¶ 30-31.] Because Plaintiff has not alleged facts that plausibly suggest Trans Union supplied inaccurate consumer information to any identifiable third party, Plaintiff's § 1681b(e) claim should be dismissed on this basis as well. *Barreto*, 2023 WL 4047693, at *3 (holding that § 1681b(e) claim failed where the plaintiff did not allege when or to whom alleged inaccurate credit reports were published); *Thomas*, 2023 WL 4049317, at *3 (same).

Meanwhile, Plaintiff's reinvestigation claims under § 1681i(a) are subject to dismissal because Plaintiff does allege how Trans Union's reinvestigation was unreasonable. He alleges that Trans Union "merely 'parroted'" information that the furnishers provided [*see* Doc. 3 ¶ 32] and failed to review and consider all relevant information" that he submitted [*id.* ¶ 35]. The problem for Plaintiff is that nowhere in the complaint does he allege what information Trans Union purportedly disregarded or what information it supposedly withheld from the furnishers. "Such naked assertions like those presented here, which merely mimic the elements of a cause of action without any further factual enhancement, are not enough to state a

9

claim." *Barreto*, 2023 WL 4047693, at *4. These facts simply do not permit the Court to infer more than the mere possibility that Trans Union acted unreasonably when it reinvestigated Plaintiff's dispute, which is not enough.

Likewise, Plaintiff's claim under § 1681i(c) should be dismissed because he does not allege that after the reinvestigation, he filed a statement of dispute under § 1681i(b) that Trans Union would have been required to include in subsequent reports. *See Jacobs v. Experian Info. Sols., L.L.C.*, No. 2:09-CV-00739 DS, 2011 WL 2837445, at *2 (D. Utah July 14, 2011) (dismissing § 1681i(c) where the consumer did not allege that he filed a statement under 1681i(b) following reinvestigation). Indeed, it appears that Plaintiff bases his § 1681i(c) claim on his initial request for a reinvestigation, which "will not suffice to trigger the CRA's duty to include a statement of dispute in future reports." *Tuttobene v. Trans Union, LLC*, No. 2:19-CV-1999-APG-NJK, 2021 WL 2188232, at *4 (D. Nev. May 28, 2021) (explaining that to state a claim under § 1681i(c), "a consumer must show that (1) he disputed an item in his file, (2) the CRA's reinvestigation did not resolve the dispute, (3) ***he thereafter requested a statement of dispute be included in future reports***, and (4) the CRA failed to include the requested statement in subsequent copies of his consumer reports") (emphasis added).

## CONCLUSION

In sum, Plaintiff's complaint is due to be dismissed because he has failed to plead factual content that permits a reasonable inference that Trans Union violated the FCRA as alleged.[3]  Accordingly, it is **RECOMMENDED** that Trans Union's motion to dismiss [Doc. 11] be **GRANTED,** and that Plaintiff's claims under 15 U.S.C. §§ 1681e(b) & 1681i be **DISMISSED WITHOUT PREJUDICE**.

When it appears that a more carefully drafted complaint might state a plausible claim for relief, a *pro se* plaintiff should ordinarily be given an opportunity to amend the complaint before the court dismisses his claims.  *See De Souza v. JPMorgan Chase Home Lending Div.*, 608 F. App'x 776, 781 (11th Cir. 2015) (citing *Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991)).  As a result, if the District Judge adopts this report and recommendation, Plaintiff should be permitted ***one opportunity*** to replead his §§ 1681e(b) and 1681i claims against Trans Union to cure the deficiencies observed in this report and recommendation. Plaintiff should also be instructed that his amended complaint must (1) address the

---

[3] Trans Union also argues that the complaint fails because Plaintiff has not alleged facts to support a claim that any of the FCRA claims were willful and that he has not plausibly alleged a concrete injury. [Doc. 11-1 at 10-14.]  Given the lack of factual content to support the substantive FCRA claims, the Court need not address those arguments at this juncture.  If Plaintiff files an amended complaint, Trans Union may raise those arguments in a renewed motion to dismiss, if appropriate.

shortcomings noted above; (2) comply with the pleading requirements of Federal Rules of Civil Procedure 8, and 10, and ensure that the substance of the pleading complies with Rule 11; (3) include a factual background setting forth specific, non-conclusory factual allegations that directly pertain to this case and suggest support for the required elements of each claim; (4) list each cause of action in separate counts; (5) identify each alleged inaccuracy in his credit report along with information showing how it is inaccurate; (6) explain how the inaccurate information in his consumer file or report caused him damages; and (7) state with clarity whether he is seeking damages for willful violations of the FCRA, negligent violations of the FCRA, or both.

Accordingly, is **RECOMMENDED** that Plaintiff be given an opportunity to amend his complaint, in compliance with the instructions set forth above, within **twenty-one (21) days** following the entry of an order disposing of this report and recommendation.

IT IS SO RECOMMENDED this 2nd day of October, 2024.

_____
JOHN K. LARKINS III
United States Magistrate Judge